| | | |
|---|---|---|
| TIMOTHY E. MCCLAIN, | ) | |
| | ) | Case No. 2:26-cv-73 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| WESHEY and SULLIVAN COUNTY | ) | |
| JAIL ADMINISTRATION, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner incarcerated at the Sullivan County Detention Center ("Jail"), filed a complaint under 42 U.S.C. § 1983 (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed as a pauper, **DISMISSES** Plaintiff's claims against Defendants for failure to state a claim, and **ORDERS** Plaintiff to file an amended complaint if he wishes to proceed in this action.

## I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 4) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined.  The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy.  This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING OF COMPLAINT

### A.      Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish

2

undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

### B.      Plaintiff's Allegations

At around 8:00 p.m. on February 21, 2026, Corporal Weshey "ass[a]ulted" Plaintiff in the hallway outside of S Pod (Doc. 1, at 3). While this was occurring, inmates "stole a $73.00 commissary and Weshey played a roll [sic] and refused to give write-ups to" the offending inmates (*id.* at 4). The Jail is responsible for Plaintiff's stolen property (*id.*).

Aggrieved, Plaintiff filed this action asking the Court to suspend Corporal Weshey "for assault[,] make the Jail pay for Plaintiff's pain and suffering, and "replace [his] stolen commissary" (*id.* at 5).

### C.      Analysis

The only Defendants named in this suit are Corporal Weshey and the Sullivan County Jail Administration. However, the Sullivan County Jail Administration is not a "person" subject to suit under § 1983. *Brown v. Montgomery Cnty. Mgmt.*, No. 3:22-CV-00580, 2022 WL 5213004, at *3 (M.D. Tenn. Oct. 4, 2022) (citations omitted). Instead, if Plaintiff seeks to hold any individual member of that Administration liable in this action, he must name the individual as a Defendant. And, to the extent Plaintiff names the Administration as a Defendant as a placeholder for Sullivan County itself, Plaintiff has not stated a claim against the County. That is, he has not

3

alleged facts from which the Court could infer that the execution of some official County policy or custom violated his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708(1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Accordingly, the Sullivan County Jail Administration will be **DISMISSED**.

Plaintiff's allegations against Corporal Weshey lack sufficient factual detail to render a claim against him plausible. Plaintiff's allegation that Corporal Weshey assaulted him is a legal conclusion, not a recitation of facts setting forth a viable claim. *See Twombly*, 550 U.S. at 555 (noting a plaintiff's duty to provide the grounds for his relief "requires more than labels and conclusions") (citations omitted). And to succeed on a claim that Corporal Weshey used force against him that violated his constitutional rights, Plaintiff must allege facts rendering it plausible—at minimum[1]—"that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Here, Plaintiff does not allege any facts about what events precipitated Corporal Weshey's use of force, what happened during the course of the alleged assault, whether Plaintiff suffered any injuries from the Corporal Weshey's conduct, and Plaintiff does not allege any facts concerning his own conduct either before or during the use of force. Therefore, Plaintiff has not stated a plausible use-of-force claim against Defendant Weshey, and this claim will be **DISMISSED**.

---

[1] For present purposes, the Court presumes Plaintiff is a pretrial detainee and recites the less demanding Fourteenth Amendment standard for a use-of-force claim. *See Morgan ex. rel Morgan v. Wayne Cnty.*, 33 F.4th 320, 326 (6th Cir. 2022) (noting the Eighth Amendment standard applicable to convicted prisoners is "more demanding").

4

Plaintiff also fails to state a claim by alleging that Defendant Weshey "played a rol[e]" in Plaintiff's commissary being stolen and refused to issue write-ups. First, Plaintiff has no constitutional interest in whether any other individual receives punishment for a disciplinary offense. *See, e.g., Gangloff v. Poccia*, 888 F. Supp. 1549, 1559 (M.D. Fl. 1995) (holding prisoner had no protectable liberty interest in having another inmate punished under state regulation regarding the reporting of disciplinary infractions); *see also Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a § 1983 action to force the state to prosecute).

Second, Plaintiff does not explain what conduct Defendant Weshey engaged in that would render him responsible for Plaintiff's stolen commissary. Even so, any potential remedy for Plaintiff would lie in State, not federal, law. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a government employee deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Additionally, the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Plaintiff has not shown that these State remedies are inadequate, and therefore, he has not otherwise stated a claim that would entitle him to relief under § 1983 for the alleged loss of his commissary. Accordingly, all claims against Defendant Weshey will be **DISMISSED**.

5

Nonetheless, the Court will permit Plaintiff an opportunity to amend his complaint so that he may attempt to set forth a plausible claim for relief regarding his use of force claim. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Accordingly, **if** Plaintiff wishes to proceed with this lawsuit, he is **ORDERED** to file an amended complaint within fourteen (14) days of entry of this Order that contains a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific party(ies) responsible for that violation. Plaintiff must avoid conclusory legal statements or arguments in this amended complaint, but rather, he must set forth **specific facts** (i.e., the who, what, when, where, why, how) surrounding his use-of-force claim. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA,

6

which the Court will do as soon as practicable.  Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

**III.    CONCLUSION**

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.    All claims and Defendants are **DISMISSED** for failure to state a claim;

5.    The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

6.    Plaintiff is **ORDERED** to complete the § 1983 form within fourteen (14) days in accordance with the directives stated above **only if** he wishes to proceed with this lawsuit;

7.    Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action for failure to prosecute and comply with an order of the Court; and

8.    Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

7